UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
UNITED STATES OF AMERICA      :
                                             :     CONSENT PRELIMINARY ORDER
          - v. -                 :     OF FORFEITURE/
                                             :     MONEY JUDGMENT
KAMEL OSBORNE,             :
                                             :     19 Cr. 931 (WHP)
                 Defendant.       :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about December 20, 2019, KAMEL OSBORNE (the "Defendant"), among others, was charged in a five-count Indictment, 19 Cr. 931 (WHP) (the "Indictment"), with conspiracy to commit Hobbs act robbery, in violation of Title 18, United States Code, Section 1951 (Count One); and Hobbs act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Counts Two through Five);

WHEREAS, the Indictment included a forfeiture allegation as to Counts Two through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two through Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds personally obtained by the Defendant traceable to the commission of the offense charged in Counts Two through Four of the Indictment;

WHEREAS, on or about October 19, 2020, the Defendant pled guilty to Counts Two and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts Two and Four of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $2,400 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts Two and Four of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,400 in United States currency representing the proceeds traceable to offenses charged in Counts Two and Four of the Indictment that the Defendant personally obtained, of which $900 in United States currency represents the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained for which the Defendant is jointly and severally liable with co-defendants Lywan Reed and Quinteria Daniels, to the extent a forfeiture money judgment is entered against Lywan Reed and Quinteria Daniels; and the remaining $1,500 in United States currency which represents the amount of proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Lywan Reed, to the extent a forfeiture money judgment is entered against Lywan Reed; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to offenses charged in Counts Two and Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorney, Rebecca T. Dell of counsel, and the Defendant, KAMEL OSBORNE, and his counsel, Ariel Charlotte Werner, Esq., that:

1. As a result of the offenses charged in Counts Two and Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $2,400 in

United States currency (the "Money Judgment") representing the proceeds traceable to the offenses charged in Counts Two and Four of the Indictment that the Defendant personally obtained, of which $900 in United States currency represents the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained for which the Defendant is jointly and severally liable with co-defendants Lywan Reed and Quinteria Daniels, to the extent a forfeiture money judgment is entered against Lywan Reed and Quinteria Daniels; and the remaining $1,500 in United States currency which represents the amount of proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Lywan Reed, to the extent a forfeiture money judgment is entered against Lywan Reed.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, KAMEL OSBORNE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[REMAINDER LEFT INTENTIONALLY BLANK]

9.	The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York


By: _____	10/29/2020
    Rebecca T. Dell	DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2198


KAMEL OSBORNE


By: _____	12/23/2020
    Kamel Osborne	DATE



By: _____	12/23/2020
    Ariel Charlotte Werner, ESQ.	DATE
    Attorney for Defendant
    52 Duane Street, 10th Floor
    New York, New York 10007


SO ORDERED:

	                                            	December 30, 2020
_____	DATE
WILLIAM H. PAULEY III
U.S.D.J.